VALDIVIESO, APPELLANT, *v.* RIVERA, RESPONDENT.

Appeal from the District Court of Ponce.

No. 981.—Decided June 11, 1913.

FORECLOSURE PROCEEDINGS—JURISDICTION.—The municipal courts of Porto Rico have no jurisdiction in the summary foreclosure proceedings established by the Mortgage Law and its Regulations although the amount involved does not exceed $500.

ID.—JURISDICTION—MORTGAGE.—According to the Mortgage Law and its Regulations in connection with the old Code of Civil Procedure, the Courts of *Primera Instancia* had exclusive original jurisdiction of summary foreclosure proceedings regardless of the amount of the mortgage.

ID.—JURISDICTION—MORTGAGE.—General Order No. 118 of August 15, 1899, gave exclusive jurisdiction to the district courts in summary foreclosure proceedings.

ID.—JURISDICTION—MORTGAGE.—Section 4 of the Act of March 10, 1904, reorganizing the judiciary of this Island did not confer jurisdiction upon the municipal courts in summary foreclosure proceedings when the amount involved did not exceed $500. Said jurisdiction remained exclusively in the district courts even though the mortgage were less than $500.

JURISDICTION OF MUNICIPAL COURTS—CIVIL ACTION—SPECIAL PROCEEDINGS.—The amount of $500 fixed by section 4 of the Act of March 10, 1904, reorganizing the judiciary of this Island determines the jurisdiction of municipal courts in the ordinary civil proceedings provided for in the Code of Civil Procedure, but is not applicable to the proceedings governed by special laws which continue in force in accordance with the act of special legal proceedings of March 9, 1905.

The facts are stated in the opinion.

*Mr. Rafael Sánchez Montalvo,* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 4, 1913, Joaquín P. Valdivieso filed a petition in the District Court of Ponce in which after alleging that he was the owner of a mortgage credit for 350 provincial *pesos,* equivalent to $210, secured by a first mortgage on a rural property of 10.50 *cuerdas* situated in Pellejas, a ward of the town of Adjuntas, which property, according to the registry, belonged to Jacinto Rivera Torres, and that said mortgage credit had not been paid in whole or in part and, therefore, was not canceled in the registry, concluded with the prayer that in accordance with articles 128 *et seq.* of the Mortgage Law and their corresponding Regulations, an order be issued and served on the debtor in case he resides at the place where the mortgaged property is situated, or, if not, on the person in charge of the same so that he may notify the owner, demanding that he pay the sum of $210 claimed within 30 days from the date of the service, with the warning that the mortgaged property will be sold at public auction in case of his failure to pay the said amount within the time named.

On April 15, 1913, the following decision was rendered:

"The order sought demanding payment of the mortgagor is denied on the ground that the court is without jurisdiction because the

amount involved is less than $500, the case therefore coming under the exclusive jurisdiction of the Municipal Court of Adjuntas where the mortgaged property is situated.''

An appeal was taken by the plaintiff, Valdivieso, from this decision which is now submitted to us for consideration.

The lower court admits in the opinion on which its decision is based that whatever might be the amount of the mortgage credit claimed, jurisdiction in summary foreclosure proceedings was vested formerly in the Courts of *Primera Instancia* and afterwards in the district courts, but that since the Act of March 10, 1904, reorganizing the judiciary became effective the municipal courts have exclusive jurisdiction of all civil actions in their respective districts involving amounts up to $500, and they are not required to subject all cases brought before them to a fixed rule of procedure, but to apply to each case the procedure established by the laws in force.

We are of the opinion that the municipal courts of Porto Rico have no jurisdiction in the summary foreclosure proceedings established by the Mortgage Law and its Regulations although the amount involved does not exceed $500.

Article 128 of the Mortgage Law provides that the initial petition in summary foreclosure proceedings shall be presented to the court of competent jurisdiction in the place where the property is situated, and paragraph 3 of article 170 of the Regulations for the execution of the said law provides that the judge of competent jurisdiction shall be the judge of the place in which all the mortgaged property is situated.

In establishing the jurisdiction of the Courts of *Primera Instancia* and municipal courts in mortgage proceedings, neither the Mortgage Law nor its Regulations drew any distinction as to the amount involved, but if we refer to the old Code of Civil Procedure pursuant to article 168 of the Regulations, which provides that proceedings for the collection of a mortgage debt shall be subject to the provisions contained in articles 128 *et seq.* of the law and those of its Regulations,

complemented in the manner prescribed therein by the law of Civil Procedure for Cuba, Porto Rico, and the Philippines respectively, we shall find that the old Code of Civil Procedure provides in article 714 that municipal judges are the only ones competent to take cognizance in oral actions of all causes of action in which the amount involved does not exceed 1,000 *pesetas,* although the claim is based on an instrument which has the same force of law as a judicial decision; and article 1433 provides that execution can be issued only for a net amount in cash exceeding 1,000 *pesetas.*

From the articles cited it may be inferred that only the Courts of *Primera Instancia* could take cognizance of an executory action and that a municipal court had no such jurisdiction.

Any doubt regarding the soundness of the doctrine which we have just laid down will be removed completely by the provisions of articles 1473, 1475 and 1476 of the aforesaid Code of Civil Procedure regarding the right of appeal to the superior court which is, as may be inferred from article 1479, the *Audiencia.* Hence, the court *a quo* is the court of *Primera Instancia* before which the executory action would have to be brought, in which action the appeal would originate.

Besides, articles 169 and 172 of the Regulations for the execution of the Mortgage Law provide respectively that the document initiating the foreclosure proceedings shall always be authorized by the signature of a lawyer, and that before the public sale of the mortgaged property the decrees and other instruments which the plaintiff may have considered it advisable to bring shall be exhibited in the clerk's office. From these provisions it is inferred that it was necessary for counsel to intervene in said proceedings, which was not the case in actions brought in the municipal courts, and that the proceedings had to be instituted in a court in which there was a clerk's office, and such offices existed in the Courts of *Primera Instancia,* but not in the municipal courts.

General Order No. 118 of August 15, 1899, established no

innovation whatever with reference to the jurisdiction of district courts in connection with executory actions and proceedings provided for by the Mortgage Law, as is shown by articles 69 and 71 of the said general order.

We agree entirely with the court of Ponce that, according to the old Law of Civil Procedure, the Courts of *Primera Instancia,* and, according to General Order No. 118, the district courts were the only courts having jurisdiction in summary foreclosure proceedings to recover mortgage credits.

But we cannot agree with the lower court that since the Act of March 10, 1904, to reorganize the judiciary of Porto Rico and for other purposes went into effect, the municipal courts have jurisdiction in said proceedings when the credit claimed does not exceed $500.

Section 4 of the said act is as follows:

"Except as provided hereafter in this Act, the municipal judges created hereby shall fulfil all the duties which are at present performed by the justices of the peace and municipal judges. He shall have jurisdiction in all civil matters in his district to the amount of five hundred dollars, including interest." * * *.

As we have pointed out, municipal judges did not have jurisdiction formerly in summary proceedings for the recovery of mortgage credits, and for that reason the present municipal courts do not possess such jurisdiction, it being reserved to the respective district courts.

The amount of the claim fixes the jurisdiction of the municipal courts in the ordinary proceedings referred to in the Code of Civil Procedure, but not in the proceedings governed by special laws, as is the case with the proceedings established by the Mortgage Law.

The Act of March 9, 1905, relating to Special Legal Proceedings, provides in its last section that all previous laws in conflict therewith are repealed, but that the special proceedings established in the Civil Code, in the Mortgage Law and

its Regulations, and in any other law not provided for by that act, shall remain in force.

In deciding the case of *Giménez et al.* v. *Brenes,* 10 P. R. R., 124, we established the doctrine that the special proceedings for the recovery of debts guaranteed by mortgages are still in force as to the first part thereof, namely, up to and including the provisions in regard to the demand for the payment of the debt, but it has been repealed as to that portion which might be known as compulsory proceedings—that is, that portion having reference to the sale of the encumbered property, which must come entirely under the Act of March 9, 1905, relating to judgments and the manner of satisfying them.

If the special proceedings for the recovery of mortgage debts continue in force as to the first part thereof, the jurisdiction of the district courts in said proceedings must continue also.

In deciding the case of *Ex parte Garcia,* 11 P. R. R., 512, in which the District Court of Mayagüez held that it was without jurisdiction to issue an order, after the publication of the required notices, directing the Registrar of Property of San Germán to proceed to enter in the registry of property a notice of the conversion into a record of ownership of the record of possession of a property whose value exceeded $500 basing its opinion on article 441 of the Regulations for the execution of the Mortgage Law in connection with article 393 of said law, which article the appellant considered repealed by section 4 of the Act of March 10, 1904, this court said:

"Certainly, section 4 of the act reorganizing the judiciary of Porto Rico provides that municipal judges shall have jurisdiction in all civil matters in their districts to the amount of $500, including 'interest; * *. * but we are of the opinion that this provision refers to civil matters of an ordinary character, and that it cannot be considered as coming within the exception to the general rule with which that section begins and which reads: 'Except as provided hereafter

in this act, the municipal judges created hereby shall· fulfil all the duties which are at present performed (that is to, say, on the date of the passage of that act, March 10, 1904,) by justices of the peace and municipal judges.' If on the date above· mentioned municipal judges had jurisdiction of proceedings to convert into a record of ownership records of possession of property, whatever the value thereof might be, according to article 441 of the Regulations for the Execution of the Mortgage Law in connection with article 393 of that law, it is obvious that they have been recognized to have such jurisdiction by section 4 of the Act of March 10, 1904, and that at the present time the district courts continue without such jurisdiction.''

And *a contrario sensu,* applying the said doctrine to the case at bar, we are of the opinion that if at the time of the· passage of the aforesaid act the district courts had jurisdiction in summary proceedings for the recovery of mortgage debts whatever might be their amount, section 4 of the Act of March 10, 1904, does not confer such jurisdiction upon the municipal courts in cases where the mortgage debt does not exceed $500, therefore the municipal courts still lack such jurisdiction for the reason that it was then and is now vested exclusively in the district courts.

In conclusion, the district courts as courts of general jurisdiction may take cognizance of all matters except those expressly reserved to other courts, and we find nothing which expressly and definitely reserves to the municipal courts jurisdiction in proceedings for the recovery of mortgage debts not exceeding $500. The last article of the Mortgage Law (413) provides that none of the articles composing the same can be repealed except by virtue of another special law. There is no special repealing law conferring, jurisdiction on municipal courts in summary proceedings brought for the recovery of mortgage debts not exceeding $500, hence such jurisdiction is still reserved to district courts in substitution of the old Courts of *Primera Instancia.*

For the foregoing reasons the decision appealed from is ·

reversed and the judge of the trial court ordered to proceed in accordance with law.

> Reversed with instructions to the lower court to render a proper judgment according to law.

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.